**Thomas STURGES, Appellee,**

v.

**HY–VEE EMPLOYEE BENEFIT PLAN AND TRUST, Appellant.**

**Thomas STURGES, Appellant,**

v.

**HY–VEE EMPLOYEE BENEFIT PLAN AND TRUST, Appellee.**

**Nos. 92–2579, 92–2633.**

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1993.

Decided April 16, 1993.

Thomas M. Frankman, Sioux Falls, argued, for appellant/cross appellee.

Jerry L. Pollard, Yankton, argued, for appellee/cross appellant.

Before FAGG, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Thomas Sturges, a Hy–Vee employee, brought this action against the Hy–Vee Employee Benefit Plan and Trust (Hy–Vee), the administrator of an ERISA plan, after Hy–Vee denied health care coverage for Sturges's newborn daughter, Andrea, under Sturges's preexisting dependent coverage. Recognizing the plan gives Hy–Vee discretionary authority to construe the plan, the district court reviewed Hy–Vee's plan interpretation under the deferential standard of review delineated by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 115, 109 S.Ct. 948, 954, 956, 103 L.Ed.2d 80 (1989) and explained by this court in *Cox v. Mid–America Dairymen, Inc.,* 965 F.2d 569, 571–72 & n. 3 (8th Cir.1992). Applying this deferential standard, the district court rejected Hy–Vee's interpretation of the plan and ordered Hy–Vee to pay Andrea's covered medical bills. The district court then awarded Sturges attorney fees, but in an amount less than requested. On appeal, Hy–Vee asserts its interpretation of the plan was not unreasonable. On cross-appeal, Sturges asserts the district court should have awarded the full amount of attorney fees requested.

We review de novo the district court's application of the deferential *Firestone* standard to Hy–Vee's interpretation of the plan. *Bernards v. United of Omaha Life Ins. Co.,* 987 F.2d 486, 488–89 (8th Cir.1993). Having carefully reviewed the plan documents, we conclude Hy–Vee abused its discretion in interpreting the plan to deny dependent coverage for Andrea. We agree with the district court that the plan in effect when Andrea was born, which Hy–Vee concedes applies, clearly and unambiguously provides newborns with coverage from birth. Although the plan summary is at odds with the plan, the summary states that the plan controls when the summary and plan conflict. *See*

*Glocker v. W.R. Grace & Co.*, 974 F.2d 540, 542–43 (4th Cir.1992) (when summary favors employer, employer cannot disavow a disclaimer in the summary stating the plan controls). We also agree with the district court that the later plan revision adding the summary language favorable to Hy–Vee was a change in the plan, not a "clarification." We thus conclude the district court properly reversed Hy–Vee's coverage denial, which was based on an interpretation contrary to the clear language of the plan. *See Finley v. Special Agents Mutual Benefit Ass'n*, 957 F.2d 617, 621 (8th Cir.1992).

As for the cross-appeal, we conclude the district court did not abuse its discretion in awarding $12,600.00 in attorney fees rather than the requested amount of $17,-583.74. *See Gunderson v. W.R. Grace & Co. Long Term Disability Income Plan*, 874 F.2d 496, 501 (8th Cir.1989) (amount of attorney fee award is within district court's discretion). Although the district court did not specify its reasons for awarding less than the amount requested or explain how it arrived at the lesser amount, Hy–Vee's specific objections to the fee request indicate the district court excluded hours that were not reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

Accordingly, we affirm.